Robert E. ARNOLD, Plaintiff-Appellee,

v.

TYSON FOODS, INC. and Travelers Insurance Company, Defendants-Appellants,

and

Harlan Matthews, State Treasurer of the State of Tennessee, Defendant-Appellee.

Supreme Court of Tennessee.

April 6, 1981.

**44**

Rick L. Moore, Robertson, Worsham, & Moore, Tullahoma, for plaintiff-appellee.

Edward F. Gordon, Bobo, Gordon & Bobo, Shelbyville, for Tyson Foods, Inc. & Travelers Ins. Co., defendants-appellants.

W. Michael McCowan, Asst. Dist. Atty., William M. Leech, Jr., Atty. Gen. and Frank J. Scanlon, Senior Asst. Atty. Gen., for Harlan Matthews, State Treasurer of the State of Tenn., defendant-appellee.

## OPINION

DROWOTA, Justice.

The sole issue in this worker's compensation case is whether the judgment of plaintiff, Robert E. Arnold, should be allocated between the defendants, Tyson Foods, Inc., and Travelers Insurance Company, and the Second Injury Fund of the State of Tennessee.

The Chancellor granted judgment to the plaintiff employee against the defendants-appellants, Tyson Foods and Travelers, for benefits based upon total and permanent disability. The appellants do not challenge the Chancellor's findings that plaintiff is totally and permanently disabled within the meaning of the worker's compensation law but they do challenge the Chancellor's failure to find the Second Injury Fund liable for part of the award. The Chancellor found the appellants fully responsible for the entire amount of the permanent total disability benefits because the "written records" requirement of T.C.A. § 50–1027 was not satisfied.

The primary purpose of T.C.A. § 50–1027, the Second Injury Fund, is to encourage the hiring of the handicapped. The statute provides that when an employee, having previously sustained a permanent disability through the loss of some body member, subsequently, while working for his present employer, suffers a disability to another body member, the effect of which, when taken in combination with the first, renders the employee permanently and totally disabled, then, in that event the employer or his insurance carrier is liable only for the disability benefits that would be payable for the second injury alone. The statute further provides that in addition to the benefits received for the second injury the employee shall be paid by the State the remainder of the benefits that would be due for the permanent total disability out of the Second Injury Fund. In order to receive benefits from the Second Injury Fund "the employer must establish by *written records* that the employer had knowledge of the permanent and pre-existing physical impairment at the time that the employee was hired or at the time the employee was retained in employment after the employer acquired such knowledge but in all cases prior to the subsequent injury." T.C.A. § 50–1027, [emphasis added].

■ In this case the employee's pre-existing condition was not an actual injury but rather bone deformities of the hands and feet.[1] His on the job injury was to his hip. Two doctors testified that after this injury plaintiff was one hundred percent (100%) disabled for employment purposes.

As stated earlier, the purpose of the Second Injury Fund is to encourage the employment of handicapped persons. If the statute is complied with the employer would be financially responsible only for the disability that resulted from the second employment related injury. The Second Injury Fund would make up the difference between the amount received by the injured employee for the second injury and what he is entitled to in order to be compensated for his total disability.

---

1. T.C.A. § 50–1027 does not require that the pre-existing condition be an actual injury, for the term "previously sustained ... disability" is used in the statute.

In this case the Chancellor found that the defendant, Tyson Foods, failed to establish by *written records* that it had knowledge of the permanent and pre-existing physical impairment of the plaintiff at the time he was hired or before the injury was sustained as required by T.C.A. § 50–1027. Accordingly, the Chancellor found that the Second Injury Fund was not liable and that the judgment should not be allocated between the Fund and the defendants-appellants. Appellants aver that this finding by the Chancellor was erroneous.

The Chancellor also found that the plaintiff, at the time of his employment, possessed a significant, patent handicap, obvious to the management of Tyson Foods. The Chancellor further found that the appellant had actual knowledge of plaintiff's patent pre-existing handicap at the time plaintiff was employed.

The issue on appeal is whether the "written records" requirement set out in the statute has been complied with? If so, the Second Injury Fund is applicable. If not, then the employer is liable for the employee's entire permanent total disability benefits.

The only written record pertaining to plaintiff's health and physical condition prior to the injury was plaintiff's employment application which, although it contained a "personal health history" section, made absolutely no reference to any permanent and pre-existing physical impairment.

Appellants rely upon *U.S. Pipe & Foundry v. Caraway*, 546 S.W.2d 215 (Tenn.1977), for the proposition that the requirements of the statute are satisfied when it can clearly and reasonably be inferred from the written records that the employer did have knowledge of the physical handicap of the employee. In *Caraway* this Court acknowledged that the statute does not specify the nature or type of written records which are sufficient to meet its requirements. The statute does however require some written record of the employer's knowledge of the pre-existing physical impairment. In *Caraway* the employer's knowledge of the employee's physical handicap was adequately shown by written records. In the case at bar we have no such written records, in fact the appellants candidly admit that the employment application contains no direct specific reference to the physical impairment of the plaintiff.

Appellants argue that the written records requirement of the statute should not be strictly construed when the trial court has found that the employer has actual knowledge of the employee's patently visible handicap at the time of hiring. It is the position of appellants that this finding, together with the written records that were introduced, satisfy the requirements of T.C.A. § 50–1027. Appellants aver that that a strict construction would vitiate the established purpose of the Second Injury Fund.

Plaintiff argues that the statute requires a written record of the employer's knowledge of a pre-existing impairment and not merely actual knowledge—that the appellants are asking this Court to abrogate the statutory requirement.

■ Appellants' argument fails because the record before us is totally void of any written record that the employer had knowledge of plaintiff's pre-existing condition. We cannot disregard the written notice requirement of the statute and are therefore constrained to find that the appellants have failed to comply with the statutory requirements of the Second Injury Fund.

The judgment of the Chancellor is affirmed at the cost of appellants. The cause is remanded to the Chancery Court for enforcement of the judgment awarding worker's compensation benefits and any other orders which may be necessary.

HARBISON, C. J., and FONES, COOPER and BROCK, JJ., concur.